1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

8

**DISTRICT OF NEVADA**

9

10  ROBERT JACKSON,                              )
                                                 )       Case No. 2:16-cv-00995-APG-NJK
11              Plaintiff(s),                     )
                                                 )       REPORT AND RECOMMENDATION
12  vs.                                           )
                                                 )       (Docket No. 34)
13                                                )
    STATE OF NEVADA, et al.,                      )
14                                                )
                Defendant(s).                     )
15  _____)

16          Pending before the Court is Plaintiff's motion for a temporary restraining order ("TRO").

17  Docket No. 34.  The Court has considered Plaintiff's motion and Defendants' response.  Docket Nos.

18  24, 37.  No reply was filed.  *See* Docket.  For the following reasons, the Court **RECOMMENDS** that

19  Plaintiff's motion for a TRO be **DENIED** without prejudice.  Docket No. 34.

20  **I.      BACKGROUND**

21          The instant case involves claims against Defendants regarding Plaintiff's diet at High Desert

22  State Prison.  *See generally* Docket No. 7.  Plaintiff alleges he is a member of the Moorish Science

23  Temple of America and must adhere to a vegan diet.  *Id.* at 4.  Plaintiff alleges that, although he was

24  approved for a vegan diet, he was placed on a "no-meat" diet, which contains food with animal by-

25  products.  *Id.* at 4.  Plaintiff alleges that his diet, violates, *inter alia*, his First Amendment right of free

26  exercise of religion, his right to equal protection of the laws under the Fourteenth Amendment, and his

27  right against cruel and unusual punishment under the Eighth Amendment.  *Id.* at 4-11.

28

1    In the instant motion, Plaintiff submits that, subsequent to Defendants filing their motion for

2    summary judgment, he "was informed that Defendants...were attempting to forcibly remove Plaintiff

3    from the 'no meat' diet and placed him on a new common-fare diet," which Plaintiff submits "consists

4    of 'peanut butter' as the only source of lunch [protein] 7 days a week." Docket No. 32 at 2. Plaintiff

5    submits that the proposed diet is "[protein] deficient, unhealthy, [and] retaliatory [in] nature." *Id.* at 2,

6    4. Plaintiff requests a TRO to prevent Defendants from serving him the common-fare diet. *Id.* at 5.

7    In response, Defendants submit, *inter alia*, that Plaintiff's motion should be denied because he

8    failed to file points and authorities in support of his request. Docket No. 37 at 7; *see also* Local Rule

9    7-2. Defendants further submit that Plaintiff fails to meet the standards required for a TRO because he

10   is unlikely to succeed on the merits and will not suffer irreparable injury if his TRO is not granted.

11   Docket No. 37 at 5-7. Defendants submit that "Plaintiff is only entitled to receive adequate nutrition

12   to maintain health," and that the food need not be "tasty or aesthetically pleasing." *Id.* at 6 (internal

13   citation omitted). Finally, Defendants submit that Plaintiff's current diet is in compliance with a vegan

14   diet. *Id.*

15   **II.    STANDARDS**

16   A TRO is injunctive relief which is considered "an extraordinary remedy that may only be

17   awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def.*

18   *Council, Inc.*, 555 U.S. 7, 22 (2008). The purpose of a TRO is to maintain the status quo and prevent

19   irreparable harm "just so long as is necessary to hold a hearing, and no longer." *See e.g.*, *V'Guara Inc.*

20   *v. Dec*, 925 F. Supp. 2d 1120, 1123 (D. Nev. 2013) (citing *Granny Goose Foods, Inc. v. Bhd. of*

21   *Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

22   Pursuant to Fed.R.Civ.P. 65(b), the Court may issue a TRO only if "specific facts in an affidavit

23   or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result

24   to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies

25   in writing any efforts made to give notice and the reasons why it should be required." To obtain a TRO,

26   the moving party must establish each of the following: (1) a likelihood of success on the merits; (2) a

27   likelihood of irreparable harm if injunctive relief is not granted; (3) that the balance of equities is in his

28   favor; and (4) that public interest favors the injunctive relief. *See e.g.*, *Winter*, 555 U.S. at 20.   In

1  addition to its consideration of the *Winter* factors, the Court may issue a TRO under the "serious

2  questions" test. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1134 (9th Cir. 2011). Under

3  this test, the *Winter* factors "are balanced, so that a stronger showing of one element may offset a weaker

4  showing of another." *Id.* at 1131. "Serious questions going to the merits and a balance of the hardships

5  that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the

6  plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public

7  interest." *Id.* at 1135 (citations omitted).

8  **III.    ANALYSIS**

9      Even construing Plaintiff's motion liberally,[1] Plaintiff fails to address, let alone establish, the

10  necessary factors to obtain a TRO. Here, Plaintiff has not adequately demonstrated he will suffer

11  irreparable harm. Docket No. 34. Plaintiff submits that, on December 15, 2017, he "was informed that

12  Defendants ... were attempting to forcibly remove Plaintiff from [his current] 'no meat' diet" and replace

13  it with a "new common-fare diet," which Plaintiff alleges "consists of 'peanut butter' as the only source

14  of lunch [protein] 7 days a week." Docket No. 34 at 2. Plaintiff submits that the new diet is, therefore,

15  a protein-deficient diet. *Id.* Defendants, however, submit that Plaintiff continues receiving the no-meat

16  diet, which "complies with a vegan diet." Docket Nos. 30 at 2, 30-1 at 3, 30-2 at 3.[2] Plaintiff has not

17  rebutted Defendants' claim that he remains on the vegan-compliant diet. *See generally* Docket.

18  Therefore, Plaintiff fails to establish an imminent harm. *See e.g.*, *Amylin Pharms., Inc. v. Eli Lilly &*

19  *Co.*, 456 Fed. App'x 676, 679 (9th Cir. 2001) ("To support injunctive relief, harm must not only be

20  irreparable, it must be imminent; establishing a threat of irreparable harm in the indefinite future is not

21  enough").

22

23  ———————————

24      [1] Documents filed by *pro se* parties must be liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010).

25

26      [2] Defendants submit that their motion for summary judgment erroneously stated that Plaintiff was receiving the vegetarian common fare diet. Docket No. 37 at 2; *see also* Docket No. 28 at 7 (motion for

27  summary judgment). However, on December 20, 2017, Defendants filed an errata to their motion for summary judgment to clarify that Plaintiff is receiving "an alternative no meat diet." Docket Nos. 30 at 2,

28  30-1 at 3, 30-2 at 3.

1    Even if the Court proceeds with its analysis under the assumption that Plaintiff has been placed

2    on the new common-fare diet, Plaintiff only makes conclusory assumptions that "peanut butter is harsh

3    on the digestive tract, clogs the colon, and is not a sufficient source of [protein] by itself 7 days a week,"

4    without establishing whether he receives sufficient protein at other meals or how the protein from peanut

5    butter deprives him of adequate nutrition.  Docket No. 34 at 2, 4.  *See e.g.*, *LeMaire v. Maass*, 12 F.3d

6    1444, 1456 (9th Cir. 1993) ("The Eighth Amendment requires only that prisoners receive food that is

7    adequate to maintain health").

8    Given the Court's finding that Plaintiff has not established an imminent and irreparable harm,

9    the Court does not reach the remaining three *Winter* factors.  *See e.g.*, *US Bank, N.A. v. SFR Invs. Pool*

10   *1, LLC*, 124 F. Supp. 3d 1063, 1070 (D. Nev. 2015) (reiterating that the *Winter* factors are conjunctive

11   and not a balancing test, meaning a plaintiff must prove each element to obtain a TRO).  Additionally,

12   pursuant to Fed.R.Civ.P. 65(b), Plaintiff fails to include a written certification stating "any efforts made

13   to give notice [to the adverse party] and the reasons why it should not be required."  *See Kenfield v.*

14   *Berkebile*, 2015 U.S. Dist. LEXIS 87393, at *4 (D. Mont. July 6, 2015) (finding that the *pro se* plaintiffs

15   did not qualify for a TRO, in part, because they failed to satisfy either of the requirements under

16   Fed.R.Civ.P. 65(b)).

17   **IV.    CONCLUSION**

18   For the aforementioned reasons, the undersigned hereby **RECOMMENDS** that Plaintiff's

19   motion for a temporary restraining order be **DENIED** without prejudice.  Docket No. 34.

20   IT IS SO ORDERED.

21   Dated: April 3, 2018

22

23

24   NANCY J. KOPPE
     United States Magistrate Judge

25

26

27

28

4

1

### NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).