UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT JACKSON,<br>　　　Plaintiff,<br>v.<br>STATE OF NEVADA, et al.,<br>　　　Defendants. | Case No.: 2:16-cv-00995-APG-NJK<br>**Order**<br>[Docket Nos. 63, 69] |

Pending before the Court is Defendants' motion for protective order. Docket No. 63. The Court has considered Defendants' motion, Plaintiff's response, and Defendants' reply. Docket Nos. 63, 67, 71, 76. Also pending before the Court is Plaintiff's counter-motion to compel and request for sanctions. Docket Nos. 69, 72. The Court has considered Plaintiff's motion, Defendants' response and Plaintiff's reply. Docket Nos. 69, 72, 77, 78. The Court finds the motions properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, Defendants' motion for a protective order is **DENIED** without prejudice, Plaintiff's counter-motion to compel is **DENIED** without prejudice, and Plaintiff's request for sanctions is **DENIED**.

**I.　BACKGROUND**

Plaintiff alleges several violations of his Constitutional rights related to Defendants' refusal to provide a vegan meal alternative for him at High Desert State Prison and Ely State Prison. Docket No. 1-1 at 1. The parties attended three early mediation conferences and have undergone extensive discovery. *See* Docket Nos. 11, 15, 18. On October 2, 2018, the Court granted the parties' stipulation extending the close of discovery to October 31, 2018 and extending the deadline to file discovery motions to November 15, 2018. Docket No. 66 at 5.

**II. ANALYSIS**

A. <u>Defendants' Motion for a Protective Order</u>

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986). Counsel should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests." *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985). A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention. *See Cardoza v. Bloomin' Brands*, Inc., 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). Fed.R.Civ.P. 37(a)(1) requires that the party bringing a motion to compel discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." The Local Rules further expound on this requirement, providing that discovery motions will not be considered "unless the movant (1) has made a good faith effort to meet and confer … before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request." Local Rule 26-7(c).

Judges in this District have held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention." *ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). Local Rule IA 1-3(f) defines a proper meet and confer as "direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy" the meet and confer requirement. The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formalistic prerequisite to, judicial resolution of discovery disputes." *Id.* This is done when the parties "present to each other

2

the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id.* To ensure that parties comply with these requirements, movants must file certifications that "accurately and specifically convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170. Courts may look beyond the certification made to determine whether a proper meet and confer actually took place. *See, e.g.*, *Cardoza*, 141 F. Supp. 3d at 1145.

Here, Defendants' protective order was filed on September 24, 2018. Docket No. 63. While Defendants and Plaintiff exchanged various correspondence regarding RFP number 6, but Defendants failed to submit a certification that demonstrates that the appropriate meet and confer occurred. Accordingly, Defendants' motion for a protective order, Docket No. 63, is **DENIED** without prejudice.

B. Plaintiff's Counter-Motion to Compel and Motion for Sanctions

Plaintiff's counter-motion to compel was filed on October 12, 2018. Docket No. 69. However, Plaintiff and Defendants reached an agreement, as outlined in the parties' stipulation, that Defendants would provide supplemental responses to the disputed discovery by October 15, 2018. Docket No. 65 at 4-5.

Plaintiff's counter-motion to compel is premature as Defendants had not even provided their supplemental responses when he filed it. Further, Plaintiff, in his counter-motion to compel, noted that he was willing to withdraw portion of his motion if Defendants remedied the alleged outstanding discovery request in their supplemental request, thus further demonstration that the motion is premature. Docket No. 71 at 11. Accordingly, Plaintiff's counter-motion to compel is **DENIED** without prejudice, including Plaintiff's request for sanctions. Docket No. 69.

IT IS SO ORDERED.

Dated: November 9, 2018

_____
Nancy J. Koppe
United States Magistrate Judge

3