UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT JACKSON,<br><br>Plaintiff<br><br>v.<br><br>STATE OF NEVADA, *et al.*,<br><br>Defendants | Case No.: 2:16-cv-00995-APG-NJK<br><br>**Order Granting in Part Motion to Modify Injunction**<br><br>[ECF No. 180] |

Plaintiff Robert Jackson alleged various civil rights violations stemming from being deprived of a vegan diet in accordance with his religious beliefs as a Moorish Scientist while in the custody of the Nevada Department of Corrections (NDOC) at High Desert State Prison (HDSP) and Ely State Prison (ESP). I granted in part Jackson's motion for summary judgment on his First Amendment and Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA) claims, but I required the parties to confer regarding the scope of an appropriate injunction. ECF No. 104 at 22. After conferral, the parties agreed to an order providing permanent injunctive relief for Jackson, which I signed. ECF No. 122 ("initial injunction"). After the Ninth Circuit affirmed my decision on Jackson's summary judgment motion, I ordered the parties to confer to determine what was left of the case. ECF No. 166. The parties did so and submitted a joint status report. ECF No. 167. I ordered the defendants to file a proposed order of judgment. ECF No. 168. I then entered final judgment that included the defendants' proposed permanent injunctive relief on March 14, 2024. ECF No. 170 ("final injunction").

Jackson now moves to modify the final injunction under Federal Rule of Civil Procedure 60(b)(5), arguing that significant changes in fact justify modifying the final injunction. ECF No. 180. The defendants oppose the motion. ECF No. 181.

1  Jackson makes two legal arguments for modifying the injunction. First, he argues that
2 the final injunction is insufficiently specific under Federal Rule of Civil Procedure Rule
3 65(d)(1)(C), particularly in the injunction's requirement that changes to the vegan menu be
4 "substantially similar to" (or "reasonably resemble") the "current Vegan Diet." He argues that
5 because the final injunction does not include the four-week menu or the "current Vegan menu"
6 as an exhibit, the phrase "substantially similar" lacks a fixed meaning because it does not
7 indicate to what the new menu must be "substantially similar." ECF No. 185 at 5, 10. He also
8 alleges that the defendants removed the language "substantially similar to the menu attached as
9 Exhibit 1" from the proposed permanent injunction without his approval. *Id.* at 10. Though they
10 do not address this argument directly, the defendants state that the injunction is not
11 impermissibly vague because Ninth Circuit caselaw allows for "reference to appropriate
12 American regulatory agency standards." ECF No. 181 at 5.
13  I agree that I cannot interpret the phrase "substantially similar to" or "reasonably
14 resemble" without reference to the original four-week vegan menu (contained in ECF No. 122)
15 or to information outside the injunction about what constituted the "current Vegan Diet" at the
16 time I issued the final injunction (ECF No. 170). Rule 65(d) requires that injunctions be specific
17 "so that those who must obey them will know what the court intends to require and what it
18 means to forbid." *Int'l Longshoremen's Ass'n, Loc. 1291 v. Philadelphia Marine Trade Ass'n*,
19 389 U.S. 64, 76 (1967). Here, the injunction must provide the measuring stick by which new
20 vegan menus are compared without reference to external information. Reference to the "current
21 Vegan Diet" references a meal plan not explained in the injunction. Contrary to the defendants'
22 suggestion, the "current Vegan Diet" is not an established regulatory agency standard. So
23 reference to the "current Vegan Diet" does not satisfy the demand for specificity under Rule

65(d).  Moreover, the defendants' position in the joint status report was that I should have "continuing jurisdiction over the injunction found at ECF No. 122," namely, the initial injunction. ECF No. 167 at 3.  So the defendants did not seek, and I did not mean to approve, any substantive deviation from the initial order.  Therefore, I will clarify the injunction to include the "four-week diet" schedule and the original language from the initial injunction. *See Brown v. Plata*, 563 U.S. 493, 542 (2011) ("The power of a court of equity to modify a decree of injunctive relief is long-established, broad, and flexible.") (quotation omitted); *Sunburst Prods., Inc. v. Derrick L. Co.*, Nos. 89-56025, 89-56113, 90-55194, 922 F.2d 845, 1991 WL 1523, at *6 (9th Cir. 1991) ("The modification or clarification of an injunction lies within the sound discretion of the district court[.]") (simplified).

      Second, Jackson seeks to introduce additional vegan menu requirements to the injunction that neither the initial injunction nor the final injunction contain.  Jackson argues that NDOC's recent changes to the vegan meal plan are significant because the new menu "no longer reflects the assurances made" made by NDOC "in negotiations" and "represents a departure from the parameters originally agreed to by both parties." ECF Nos. 180 at 7; 185 at 5.  He claims that the new meal plan reduced the servings of fruits and vegetables, removed quinoa, increased meatless meats, and boosted calories using bread," which "inch[es]" closer to a "'starchitarian'" diet. ECF No. 180 at 6.  He also claims that he could not anticipate such a change because the defendants "covertly amended[ed]" the initial order by altering the language of the initial injunction in their proposed final injunction. ECF No. 185 at 9.  He concludes that I should add new requirements to the injunction because the injunction currently "allows defendants to create any menu imaginable as long as it does not contain animal products." *Id.* at 7.  In particular, he proposes that the permanent injunction specify several aspects of the vegan meal plan, including the

number of servings from each vegan food group, the minimum calories in the diet, how servings should be apportioned, and the "mode of preparation." *Id.* at 5.  The defendants respond that Jackson fails to identify a significant change justifying modification of the injunction and that Jackson could have anticipated any changes that were made. ECF No. 181 at 4-5.

Jackson is essentially asking me to alter the final injunction to require more from the NDOC than the initial injunction required.  But Jackson agreed, through counsel, to the initial injunction.  Both versions of the injunction expressly countenance changes to the vegan menu, so Jackson was aware that the menu might change in the future. *See* ECF Nos. 122 at 2; 170 at 3.  Both versions of the injunction require a vegan diet that meets nationally recognized dietary standards, so NDOC cannot serve Jackson any vegan menu imaginable. *See* ECF Nos. 122 at 2; 170 at 3.  And once modified by this order, the final injunction requires that changes to the vegan meal plan be substantially similar to the vegan meal plan described in the initial injunction.  The recent changes to the vegan menu do not render the terms of the initial injunction insufficient for protecting his First Amendment and statutory rights.  So Jackson has not satisfied his "heavy burden" to show that foreseeable changes in the vegan menu are a basis for adding additional requirements to the final injunction under Rule 60. *See Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 385 (1992).

To the extent that Jackson is seeking enforcement of the injunction, a Rule 60(b) motion is not a proper vehicle for doing so.  Any future motion to enforce the injunction should be in reference to the modified injunction.

/ / / /

/ / / /

/ / / /

I THEREFORE ORDER that Jackson's motion to modify the injunction **(ECF No. 180)** is **GRANTED in part**. I will issue an amended final order with the changes to the injunction indicated above. Jackson's motion is **DENIED** in all other respects.

DATED this 21st day of February, 2024.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE