**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| ROBERT JACKSON, | Case No.: 2:16-cv-00995-APG-NJK |
| Plaintiff | **Order Denying Motions to Clarify Injunction and for Judicial Notice** |
| v. | [ECF Nos. 188, 189] |
| STATE OF NEVADA, et al., | |
| Defendants | |

I previously entered a permanent injunction regarding the Vegan Diet that the Nevada Department of Corrections (NDOC) must make available to Robert Jackson. ECF No. 187. Jackson now moves to "clarify and enforce" that injunction, arguing that the NDOC has altered the Vegan Diet. ECF No. 188. He also filed a motion requesting that I take judicial notice of several "facts" he contends are contained in certain documents. ECF No. 189.

Jackson's motion to "clarify and enforce" the injunction is actually an attempt to alter the injunction. For instance, he contends the "injunction requires provision of a vegan diet in accord with [his] religion." ECF No. 188 at 9. The injunction contains no such requirement. Rather, it says: "The Vegan Diet can be selected by any inmate for any reason, including one's personal religious beliefs such as those practiced by Mr. Jackson." ECF No. 187 at 2. He requests that I "order that any menu provided . . . meet or safely exceed the recommended dietary allowance of both macronutrients like protien (sic) and fat, and micronutrients like vitamin-C, calcium, iron, iodine, and omega-3 and 6 fatty acids." ECF No. 188 at 12. Again, the injunction contains no such requirement. In sum, he requests that I order the defendants to take 14 actions that would alter the injunction. *Id*. at 10-13. I deny those requests as beyond the scope of the injunction that Jackson previously agreed to. ECF No. 187 at 1-2.

I likewise deny Jackson's request that I take judicial notice of the facts he proffers in ECF No. 189.  Federal Rule of Evidence 201(b) allows me to take judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within [my] territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Jackson first requests that I take notice that NDOC's contract with Aramark Corporation will expire on March 31, 2026.  Something that is expected to happen in the future is not beyond dispute.  More importantly, that event is not relevant to my consideration of Jackson's motion to clarify and enforce the injunction.  In addition, Jackson's request that I take judicial notice of the contents of documents is improper when those contents are in dispute.  *Matthews v. Apple, Inc.*, 769 F. Supp. 3d 999, 1007 (N.D. Cal. 2024) ("[C]ourts cannot take judicial notice of the contents of documents for the truth of the matters asserted therein when the facts are disputed." (citation omitted)).  The defendants dispute Jackson's interpretation of the documents attached to his motion, so I cannot take judicial notice of them.

I THEREFORE ORDER that Jackson's motion to clarify or enforce the injunction **(ECF No. 188) is denied.**

I FURTHER ORDER that Jackson's motion requesting judicial notice **(ECF No. 189) is denied.**

DATED this 1st day of April, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

2